```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

LE'MARVIN LOFTON,                  *
                                   *
    Plaintiff,                     *
                                   *
vs.                                *   CIVIL ACTION NO.16-00063-CG-B
                                   *
WARDEN REYNOLDS, et al.,           *
                                   *
    Defendants.                    *

## REPORT AND RECOMMENDATION

This action is before the Court on review. When Plaintiff filed this action seeking relief under 42 U.S.C. § 1983, he was incarcerated at G.K Fountain Correctional Facility, 9677 Highway 21 N., Atmore, AL 36503. (Doc. 1). He requested and was granted permission to proceed *in forma pauperis*. (Docs. 4, 5). Plaintiff was apprised of his obligation to keep the Court appraised of any change in his address. (Docs. 3 at 2; 5 at 3). And, Plaintiff was cautioned that failure to keep the Court apprised of any change in his address would result in dismissal for failure to prosecute and to obey the Court's order. (Id.).

Notwithstanding, Plaintiff's copy of the Court's Order dated October 4, 2016 and mailed to him at his address of record was returned on November 10, 2016 as undeliverable. (Doc. 17). The label indicated that the Order had been forwarded to "Mobile Community Corrections, 111 Canal Street, Mobile, AL 36603". (Doc. 17). It also contained a notation "RETURN TO SENDER – NOT DELIVERABLE AS ADDRESSED – UNABLE

TO FORWARD". Interestingly, a check of the Alabama Department of Corrections' website indicated that Plaintiff was reporting to Mobile Community Corrections, whose address is "P.O. Box 13150, Eight Mile, AL 36663-0150" per information from the Alabama Department of Corrections. Although Plaintiff's copy of the Order was resent to him at the updated address, it was returned to the Court as undeliverable on December 1, 2016, with the notation "Moved to 3925 Suite C Michael Blvd". (Doc. 20). Upon inquiry to the Mobile Community Corrections, the Court learned that Plaintiff has been released from custody; however, no forwarding address is on file. Because Plaintiff is no longer in the custody of ADOC, and because he has neglected to keep the court appraised of his current address, the Court has no means by which to communicate with him, and surmises that he is no longer interested in pursuing this action.

In light of the above, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no lesser sanction will suffice. Link v. Wabash R.R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers

Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Blunt v. U. S. Tobacco Co., 856 F.2d 192 (6th Cir. 1988) (unpublished); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 683, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for

3

failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **December, 2016.**

                                            **/S/SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**